The opinion of the Court was delivered by
Fenner, J.
Two grounds are urged in this Court for the reversal of the judgment, viz :
1. Error, alleged on hill of exceptions, in a ruling of the Court admitting the testimony of certain witnesses.
Defendant was charged with burning an outhouse, used and occupied as a kitchen by one E. W. Jackson. The purport of the evidence objected to was, that about three weeks before tho burning, defendant liad a difficulty with Jackson, in the course of which, the latter struck him ; that very shortly afterwards, defendant spoke harshly to the witnesses about Jackson, and said, in substance, that he would have revenge on him ; that he allowed no man, black or white, to strike him ; that one man in DeSoto Parish had struck him once, and he burnt him out; and that ho would do likewise by Jackson in less than six months, etc.
The evidence was objected to, on the ground that it was not part of the res gestee, and not pertinent to the issue.
The hill shows that it was not offered or received as part of the res gestee, but to prove motive and malice on the part of the accused towards Jackson, whose kitchen he was charged with burning.
The ruling was clearly correct.
As the absence of motivo to commit a crime weakens the force of circumstantial evidence in support of guilt, so the existence of positive and strong motive is always a proper and powerful factor, in a case of circumstantial proof. By itself it may be nothing, hut in connection with other circumstances, it may exercise legitimate probative effect.
“Declarations of intention and threats,” says Mr. Wharton, “are admissible in evidence, not because they give rise to a presumption of law as to guilt, but because from them, in connection with other circum *1013 stances, and on j>roof of tlie corpus delicti, guilt maybe logically inferred. Evidence of this kind, for this purpose, is always competent.” Citing numerous authorities. Wliar. Crim. Ev. §756, 784; Waterman’s Crim. Dig. p. 158, No. 306.
2. Refusal of a new trial, applied for on the ground of newly discovered evidence.
Nothing is presented except the affidavit of the prisoner as to the existence and new discovery of the evidence.
It is perfectly settled in our jurisprudence that the ruling of the District Judge, in such a ease, will not be disturbed by this Court. 21 An. 473; 22 An. 468; 14 An. 79, 40; 7 An. 284, 532 ; 4 An. 433, 441.
A contrary rule would render the granting of new trials, on the remanding of cases on the ground .of refusal, dependent simply upon the skill of counsel in preparing sufficient affidavits, and the consciences of convicted criminals in swearing to them.
Judgment affirmed.